# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0742 | **DATE** | February 15, 2011 |
| **CASE TITLE** | Jackie Wilson (A-91126) v. Warden Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The clerk is directed to send the plaintiff an IFP application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**                                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983 but has failed either to pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, **(CONTINUED)**

CR

| STATEMENT (continued) |
|---|

together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from August 1, 2010 through February 1, 2011].

The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.